Filed 4/4/24  P. v. Cyrus CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081834 |
| v. | (Super.Ct.No. FWV18004411) |
| MAURICE CYRUS, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bridgid M. McCann, Judge.  Affirmed.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Maurice Cyrus, Jr., was convicted by a jury of being a felon in possession of a firearm under Penal Code section 29800, subdivision (a)(1). (Unlabeled statutory references are to this code.) He appealed, and we reversed part of his sentence and remanded for resentencing. He now appeals from the new judgment following resentencing. We appointed counsel to represent Cyrus on appeal, and counsel filed an opening brief that raised no issues and requested an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738. We affirm.

BACKGROUND

In 2018, Cyrus was arrested following a search of an Ontario, California residence. Police officers found Cyrus asleep in a bedroom and a handgun with a 31-round magazine and 24 rounds of ammunition in the bedroom closet along with his clothing and other belongings.

In 2020, a jury found Cyrus guilty of being a felon in possession of a firearm and found true that the offense was committed for the benefit of, at the direction of, or in association with a criminal street gang. (§§ 29800, subd. (a)(1), 186.22, subd. (b).) In a bifurcated proceeding, the court found true that Cyrus had a prior serious felony conviction of robbery under section 211. (§§ 667, subd. (a)(1), 1170.12, subds. (a)-(d).) The court sentenced him to 13 years in state prison, consisting of the upper term of three years for the felon in possession conviction doubled to six years for the strike, the low term of two years for the gang enhancement, and five years for the prior serious felony.

2

Cyrus appealed, and we reversed the gang enhancement and remanded for resentencing. (*People v. Cyrus* (Mar. 3, 2023, E075271) [nonpub. opn.].)

On remand, the trial court held a resentencing hearing for Cyrus's felon in possession conviction. Defense counsel argued that the court should strike the prior serious felony conviction and sentence Cyrus to the low term because Cyrus was just 19 years old when he committed the prior strike and only 22 years old when he committed the felon in possession offense. The court considered Cyrus's age at the time of the commission of the current offense and found that granting the low term would be contrary to the interests of justice. The court declined to strike the prior serious felony conviction because Cyrus's "record was increasing," and he "was on a grant of parole at the time" of the offense. The court sentenced Cyrus to the middle term of two years, doubled under section 1170.12 for the prior serious felony and struck the five-year enhancement. The court calculated that Cyrus's actual custody credits totaled 1656 days, and the court accordingly deemed his sentence served and ordered him released on parole that same day.

## DISCUSSION

Cyrus's appellate counsel filed a *Wende* brief identifying one potential arguable issue: whether the court abused its discretion by sentencing Cyrus to the middle term of two years instead of the low term of 16 months. Counsel asked that we conduct an independent review of the record. We advised Cyrus that he had 30 days to file a personal supplemental brief, and we received no response.

3

We have independently reviewed the record and found no arguable error that would result in a disposition more favorable to Cyrus.  (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.)  Accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:


RAMIREZ
P. J.


McKINSTER
J.

4